# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER RAINES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. GUEMBE, et al.,<br><br>　　　　Defendants. | Case No.  1:15-cv-01787-BAM-PC<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF NO. 7)<br><br>FOURTEEN-DAY DEADLINE |

　　Plaintiff Christopher Raines is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

　　On February 25, 2016,  the Court dismissed Plaintiff's November 30, 2015, complaint with leave to amend within thirty days. (ECF No. 7.)  Plaintiff was warned that if he failed to file an amended complaint in compliance with the Court's order, this action would be dismissed for failure to obey a court order and failure to state a claim. (Id. at 5:12.)  The deadline for Plaintiff to file his amended complaint has passed, and he has not complied with or otherwise responded to the Court's order.

　　Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on November 30, 2015.  (ECF No. 3.)

1

any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District Courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions, including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)(dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th Cir. 1987)(dismissal for failure to comply with court order).

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall show cause, **within fourteen (14) days** of service of this order, why this action should not be dismissed based on Plaintiff's failure to comply with the Court's February 25, 2016, order, for failure to state a claim, and for failure to prosecute.

IT IS SO ORDERED.

Dated: **April 6, 2016**            /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE