# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER RAINES,<br><br>            Plaintiff,<br><br>    v.<br><br>R. GUEMBE, et al.,<br><br>            Defendants. | Case No.  1:15-cv-01787-BAM-PC<br><br>ORDER DISMISSING THIS ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED<br><br>ORDER THAT THIS ACTION COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]  Currently before the Court is Plaintiff's September 8, 2016, second amended complaint, filed in response to the August 16, 2016, order dismissing the first amended complaint with leave to file an amended complaint. (ECF No. 12.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on December 15, 2015.  (ECF No. 6.)

that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the Correctional Training Facility at Soledad, brings this action against Defendants R. Guembe and J. Bragg, employees of the CDCR at CSP Corcoran, where the events at issue occurred.

Plaintiff proceeds against Defendants R. Guembe and J. Bragg on his First Amendment claim that Defendants are interfering with his ability to freely exercise his religious beliefs. Plaintiff is also asserting an Eighth Amendment claim and an Equal Protection Clause claim on

the same facts.² Plaintiff, a practitioner of Wicca, requested a religious vegetarian diet. Plaintiff alleges that on January 25, 2015, he submitted a CDCR Form 3030, request for a religious diet. On February 6, 2015, Plaintiff submitted a CDCR Form 22, request for interview. Plaintiff met with Defendant Guembe, who asked Plaintiff to submit another CDCR Form 3030, "due to the damage of the originals." (ECF No. 9 at 8:19.)  On February 20, 2015, Plaintiff submitted another Form 22 to Defendant Bragg (Defendant Guembe's supervisor). On March 5, 2015, Plaintiff filed an inmate grievance, CDCR Form 602, which was granted in part by Defendant Bragg. In the response, Plaintiff was advised that he was on the vegetarian list as of February 19, 2015, and that Plaintiff's request for monetary compensation was beyond the scope of the appeals process.

Plaintiff alleges that he did not receive a vegetarian meal until March 10, 2015. Plaintiff filed another inmate grievance, and was again informed that he was not entitled to monetary compensation. Plaintiff sought damages on the ground that he was denied vegetarian meals from the date that they told him he was on the list, February 19, 2015, to March 10, 2015.

### III.

### DISCUSSION

#### A.  First Amendment

"[P]risoners retain the protections of the First Amendment" but their "right to freely exercise [their] religion is limited by institutional objectives and by the loss of freedom concomitant with incarceration." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (citing O'Lone v. Shabazz, 482 U.S. 342, 348 (1997). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes in consistent with his faith, but an impingement on an inmate's constitutional rights will be upheld "if it is reasonably related to legitimate penological interests." Shakur v.

---

² In the original complaint, Plaintiff proceeded on a claim pursuant to the Religious Land Use and Institutionalized Persons Act (RLUIPA). In the order dismissing the original complaint, Plaintiff was advised that damages are not available under RLUIPA for his claims against Defendants in their individual or official capacities. Plaintiff abandoned his RLUIPA claim in the first amended complaint.

3

1    Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).

2    Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or
3    other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d
4    1087, 1092 (9th Cir. 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.
5    2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source
6    of substantive rights, but merely provides a method for vindicating federal rights elsewhere
7    conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir.
8    2012)(citing Graham v. Connor, 490 U.S. 386, 393-94 (1989))(internal quotation marks
9    omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or
10   causal connection, between each defendant's actions or omissions and a violation of his federal
11   rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013);
12   Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

13   Plaintiff's allegations fail to state a claim for relief under the First Amendment. The
14   allegations indicate that Plaintiff was approved for placement into the Religious Diet Program.
15   That the process took time does not subject Defendants to liability. There are no facts alleged
16   indicating that Plaintiff's request was denied, or that Defendants engaged in any conduct that
17   prohibited or substantially burdened Plaintiff's exercise of his religious beliefs. Although
18   Plaintiff does allege that he was notified on February 19, 2015, that he was approved for a
19   religious diet and he did not begin to receive it until March 10, 2015, there are no facts alleged
20   that Defendants acted in any way to cause undue delay, or interfered with the process. Plaintiff
21   therefore fails to state a claim for relief under the First Amendment.

**B.    Equal Protection**

23   Infringement on Plaintiff's free exercise of religion may be evaluated for discrimination
24   under the Equal Protection Clause. See Furnace v. Sullivan, 705 F.3d 1021, 1030-31 (9th Cir.
25   2013). The Equal Protection Clause requires that persons who are similarly situated should be
26   treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985);
27   Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Shakur v. Schriro, 514 F.3d 1114, 1123
28   (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated

4

1 against him based on his membership in a protected class. Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

A section 1983 plaintiff alleging and equal protection violation must prove that: (1) the defendants treated plaintiff differently from others similarly situated; (2) the unequal treatment was based on an impermissible classification; (3) the defendants acted with discriminatory intent in applying this classification; and (4) plaintiff suffered injury as a result of the discriminatory classification. Moua v. City of Chico, 324 F.Supp.2s 1132, 1137 (E.D. Cal. 2004); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (a section 1983 plaintiff must prove purposeful discrimination by demonstrating that he "received different treatment from that received by others similarly situated," and that the treatment complained of was under color of state law).

Plaintiff fails to allege any facts indicating that similarly situated inmates were treated differently, or any facts indicating that he was subjected to intentional discrimination based on his membership in a protected class. Plaintiff's conclusion that the delay in receiving his vegetarian diet was motivated by discrimination is unsupported by the facts alleged in the first amended complaint. Plaintiff's Equal Protection Clause claim should therefore be dismissed.

**C.    Eighth Amendment**

The Eighth Amendment protects a prisoner's right to receive food "adequate to maintain health." Lemaire v. Maas, 12 F.3d 1444, 1456 (9th Cir. 1993). The Ninth Circuit has held that denial of 16 meals in 23 days "is a sufficiently serious deprivation because food is one of life's basic necessities." Foster v. Runnels, 554 F.3d 807, 812-13 (9th Cir. 2009). In that case, the court did not reach the conclusion whether the meals Plaintiff did receive were adequate to maintain his health. Other cases finding a sufficiently serious deprivation involve the plaintiff being deprived of food entirely for more than two consecutive days. See Dearman v. Woodson, 429 F.2d 1288, 1289 (10th. Cir. 1970)(no food for twelve days); Reed v. McBride, 178 F.3d 849, 853 (7th Cir. 1999)("infirm" plaintiff did not receive food for 3-4 days at a time); Robles v. Coughlin, 725 F.2d 12, 16 (2d Cir. 1983)(no food for 12 days, some consecutive, out of 53-day period). In another case, the court found that depriving plaintiff of four consecutive meals in two

days is a sufficiently serious deprivation. Simmons v. Cook, 154 F.3d 05, 809 (8th Cir. 1998).

The Seventh Circuit, deciding a case involving a prisoner's meal deprivation as a result of his refusal to follow a mealtime rule, found that the plaintiff's 45-pound weight loss over a period of 2.5 years was not enough to rise to the level of cruel and unusual punishment. Freeman v. Berge, 441 F.3d 543, 547 (7th Cir. 2006). In that case, the court found that, aside from weight loss, the plaintiff had not experienced any "real suffering" or alleged any "lasting detrimental consequence." Thus, the meal deprivation was not a sufficiently serious deprivation to bring an Eighth Amendment claim. Id. at 547. The Fifth Circuit expressed doubt that the plaintiff's alleged fifteen-pound weight loss as a result of missing fifty meals in five months was enough to establish that he was deprived of "anything close to a minimal measure of life's necessities." Talib v. Gilley, 138 F.3d 211, 214 n.3 (5th Cir. 1998). Thus, although missing several meals in a short period of time may be a sufficiently serious deprivation, the deprivation does not rise to the level of an Eighth Amendment violation unless the meals the plaintiff receives are not enough to maintain his health.

Here, the facts alleged do not rise to the level of a constitutional violation. Plaintiff alleges, at most, that his vegetarian diet was delayed. Plaintiff does not allege any facts indicating Defendants refused Plaintiff any meal, or that Plaintiff was in any way deprived of meals. Plaintiff therefore fails to state a claim for relief under the Eighth Amendment.

## IV.

## CONCLUSION AND ORDER

Plaintiff was previously notified of the applicable legal standard and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's second amended complaint is largely identical to the original complaint and first amended. Based upon the allegations in Plaintiff's original complaint, first amended complaint, and second amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for a First Amendment religious expression violation, Eighth Amendment conditions of confinement violation, or a violation of the Due Process Clause, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may

1 deny leave to amend when amendment would be futile.")  Based on the nature of the
2 deficiencies at issue, the Court finds that further leave to amend is not warranted. <u>Lopez v.</u>
3 <u>Smith</u>, 203 F.3d 1122, 1130 (9th. Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446-1449 (9th Cir.
4 1987).

     Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for Plaintiff's failure to state a claim upon which relief could be granted;
2. This action counts as a strike pursuant to 28 U.S.C. § 1915(g); and
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated: **October 27, 2016**          /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE